UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

NICOLE HENNEGAN,
SHAUNDELL HENNEGAN,                              **COMPLAINT**

                     Plaintiff,                **JURY TRIAL DEMANDED**

   -against-                                     Index No.

THE CITY OF NEW YORK,
P.O.'s John Doe and Jane Doe,

                     Defendants.
_____

## COMPLAINT

Plaintiffs by their attorney Gregory G. Smith, Esq. complaining of defendants CITY OF NEW YORK, et al., alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action against the City of New York ("City") based on and arising out of the wrongful acts and omissions of the New York City Police Department ("Police Department" or "NYPD") and certain law enforcement officers as named above in which the Plaintiffs seek relief for the violation of their rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and Article I Section 12 of the New York State Constitution.

2. Plaintiffs seek compensatory damages, punitive damages, an award of costs and attorneys' fees, and such other and further relief as this court deems just and proper, because police unlawfully searched and seized their apartment residence, for a second time in less than five (5) years, causing certain damage to apartment doors and

-1-

locks and because police unlawfully detained plaintiff Nicole Hennegan and arrested and detained plaintiff Shaundell Hennegan.

3. The grounds for this action arise out of wrongful, unlawful, and improper acts and omissions of Defendants, including without limitation, the NYPD and certain John and Jane Doe Police Officers collectively ("defendants") acting under color of state law when they illegally searched Plaintiffs' residence.

## JURISDICTION

4. Jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331; 28 U.S.C. Section 1343; 42 U.S.C. Sections 1983, 1985 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §12 of the Constitution of the State of New York. The amount in controversy exceeds $10,000.

5. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under the state law that are so related to claims in this action within the original jurisdiction of this Court and that form part of the same case or controversy.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) because the Defendants do business and are located within the Eastern District of New York and because all or a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred within the Eastern District of New York.

## PARTIES

7. Plaintiff, NICOLE HENNEGAN, hereinafter ("Plaintiff" or "Hennegan") is a Black woman, who resides in Brooklyn, New York, and is a citizen of the United States.

8. Plaintiff, SHAUNDELL HENNEGAN, hereinafter ("Plaintiff" or "Shaundell") is a Black man who resides in Brooklyn, New York with his mother Plaintiff NICOLE HENNEGAN and is a citizen of the United States.

9. At all times hereinafter mentioned defendant CITY OF NEW YORK was a municipal corporation organized and existing under and by virtue of the laws of the State of New York. Under the Charter of the City of New York, the City is responsible for the conduct of municipal agencies such as the New York City Police Department hereinafter ("NYPD" or "Police Department").

10. At all times hereinafter mentioned the NEW YORK CITY POLICE DEPARTMENT was, and is a municipal agency of the CITY OF NEW YORK and was charged with working in accordance with constitutional rights to enforce the law.

11. At all times relevant herein defendants Police Officers John Doe and Jane Doe were employed by the City of New York through the NYPD. At all times relevant defendants acted under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NEW YORK CITY POLICE DEPARTMENT. Police Officers John Doe and Jane Doe are sued here in their official and personal capacity.

## ADMINISTRATIVE PROCEEDINGS

11. On January 9, 2021 within ninety days after the claims arose, plaintiffs caused Notices of Claim, in proper form, to be duly filed with the New York City

-3-

Comptroller's Office and 30 days has passed and the claims have not been paid or adjusted. This action is brought within one year and ninety (90) days limitation of time applicable to state law claims against the City of New York.

## STATEMENT OF CLAIM

12. On January 9, 2021 at approximately 7:40 p.m., upon information and belief, seven (7) police officers from the 073 Precinct entered unlawfully into Plaintiffs' home located at 788 Howard Avenue, Apartment 2A, Brooklyn, New York. Upon information and belief, police entered the premises unlawfully, purportedly to search for guns. Police entered by breaking the front entrance door, door frame and lock to the apartment.

13. None of these aforementioned John and Jane Doe defendant police officers possessed a warrant to search Plaintiffs' home. Plaintiffs were not home at the time the police officers entered their home to conduct their warrantless search. However, Plaintiffs arrived home later to find police occupying their apartment.

14. When plaintiff Nicole Hennegan arrived home with her two other children, Virginia and Tysean Hennegan, at approximately 8:00 p.m. on the day in question she observed approximately seven (7) plainclothes police officers with their vests on and badges out, standing and searching inside of her apartment.

15. Plaintiff Nicole Hennegan believes that four (4) of the officers at the scene of the incident were Black or Latino male officers. Upon information and belief, one was named Powers (FNU) and another was named Henry (FNU). Further, Plaintiff observed two (2) Black female officers (one wore her hair in dreadlocks) and one white male police officer who was observed searching through Plaintiff's apartment.

16. When Plaintiff asked police to show her the warrant, one of the officers described as Black or Latino male with brown skin, clean shaven, youthful face, and husky build stated in sum and substance, the warrant is in my phone, but he never showed it. Police never produced any warrant for the search of Plaintiff's apartment.

17. Plaintiff observed that the front door of her apartment had been kicked open and the door frame and lock were damaged when she ask about it one of the male Black or Latino officers, made a joke of it by responding in sum and substance, while laughing, call Housing they will pay for it.

18. Upon information and belief, two other bedroom doors inside of the apartment were also broken and/or kicked in.

19. When Plaintiff Nicole Hennegan walked into her apartment she was met by police officers who escorted her to a chair in the living room dining room area and handcuffed her, and other family members, there while police continued their search of the apartment.

20. Plaintiff observed police officers search her entire apartment, including the kitchen, living room, dining room, bathroom, closets, and three bedrooms. Police took clothing and various other personal items from where they were kept and threw them on the floor. Police ransacked Plaintiffs' apartment while they watched.

21. Police searched Plaintiff's apartment for approximately one hour while she was present before they left.

22. Plaintiff Shaundell Hennegan arrived home after his mother Nicole Hennegan and the other children arrived home.  Plaintiff Shaundell observed a number of police vehicles and police officers outside of 788 Howard Avenue, Brooklyn, New York.

23. Upon arriving home, police took Shaundell from his vehicle, and escorted him to his apartment 2A where he resides with his mother, brother and sister.

24. Upon being escorted into his apartment 2A plaintiff Shaundell Hennegan observed his mother Nicole Hennegan, sister Virginia Hennegan and brother Tysean Hennegan all handcuffed to chairs inside of the apartment.

25. Plaintiff Shaundell Hennegan protested that this was an illegal search because police did not show him a warrant when he requested to see one.

26. Plaintiff Shaundell Hennegan observed police search his bedroom (throwing his possessions around), his mother's bedroom and his brother Tysean's bedroom. One of the officers asked Plaintiff Shaundell Hennegan in sum and substance, where is everything so we can move faster.

27. As a result of plaintiff Shaundell Hennegan protesting that police had no warrant and should not be in their home, two police officers described as light skinned Black or Latino males, arrested Plaintiff at approximately 9:00 p.m. by placing handcuffs on him and taking him to the 073 Precinct where he was released the next day at 6:00 a.m.

28. Upon information and belief, police seized a broken embosser from the closet of plaintiff Shaundell Hennegan's bedroom. Plaintiff was given a Desk Appearance Ticket ("DAT") for the broken embosser.

29. Plaintiffs Nicole Hennegan and Shaundell Hennegan experienced emotional and mental trauma from the whole ordeal.

## CONSPRIRACY PURSUANT TO 28 U.S.C. SECTION 1985 (3)

30. Upon information and belief, multiple police officers entered unlawfully into the premises of Plaintiffs apartment located at 788 Howard Avenue without a search

warrant, and restrained the Plaintiffs, purportedly for the purpose of searching for and seizing guns while denying Plaintiffs the equal protection of the laws and the equal privileges and immunities of the law namely: denying Plaintiffs the United States Constitution's Fourth Amendment right not to be subjected to unlawful search and seizures and Fourteenth Amendment rights to the equal protection of the laws and to life, liberty, property and the pursuit of happiness because Defendants conspired to violate section 1985(3) on the basis of Plaintiffs' race.

31. The source of Plaintiffs' belief in this conspiracy is affirmed by the fact that on at least one prior occasion, on May 5, 2016 at approximately 3:00 p.m., approximately twelve (12) plain clothes police officers most of whom were White males entered into Plaintiffs' home without a search warrant for the purpose of searching for and seizing guns without first obtaining a search warrant.

32. On that occasion, Tysean Hennegan, black male son of Nicole Hennegan black female and brother of Shaundell Hennegan black male was arrested and charged with gun possession. However, the Kings County District Attorney's Office declined to authorize a warrant and subsequently declined to prosecute the case against Tysean Hennegan because police had not obtained a search warrant for the premises.

### MUNICIPAL LIABILITY

**For the Actions of the Police Defendants Pursuant to Policies and Practices In Existence at the Time of This Action**

33. All of the acts by the police defendants described above were carried out pursuant to policies and practices of the City of New York which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent,

and cooperation and under the supervisory authority of the defendant City of New York and its agency, the NYPD.

34. Defendant City and the NYPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the police defendants' wrongful acts; and/or failed to prevent or stop these acts; and/or allowed or encouraged these acts to continue.

35. The actions of the police defendants resulted from or were taken pursuant to *de facto* policies and/or well settled and widespread customs and practices of the City of New York, which are implemented by police officers, to prosecute and continue to prosecute persons through fabricated and manipulated allegations without adequate basis in fact and/or despite substantial exculpatory evidence known to them and withheld from accused persons.

36. The existence of such unlawful *de facto* policies and/or well–settled and widespread customs and practices has been known to supervisory and policy–making officers and officials of the NYPD and the City for a substantial period of time.

37. Despite knowledge of such unlawful *de facto* policies and practices, these supervisory and policy-making officers and officials of the NYPD and the City of New York and their predecessors in interest did not take steps to terminate these policies and practices, did not discipline individuals who engaged in such practices, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or reckless disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

38. The City's policies and practices in existence at the time of the conduct complained of herein, which caused the plaintiff's injuries herein include, *inter alia*, the following:

   a. The failure to properly supervise, train, instruct, and discipline police officers with regard to proper conduct and investigation at and in relation to a crime scene;

   b. The failure to properly supervise, train, instruct, and discipline police officers with regard to search and seizure of private homes.

39. The aforementioned City of New York policies, practices and customs of failing to supervise, train, instruct and discipline police officers and encourage their misconduct as evidenced by the police misconduct detailed herein.

40. The aforementioned City policies, practices and customs of failing to supervise, train, instruct and discipline police officers and encourage their misconduct as evidenced by the unlawful search and seizure detailed herein are of the type that can be eliminated or drastically curtained by proper training at the police academy and proper follow-up training courses in the area of constitutional law, and in particular, a citizen's Fourth Amendment rights to the Constitution to be free of unreasonable searches and seizures.

41. The aforementioned unlawful search and seizure that occurred at Plaintiffs' home through police misconduct came as a result of a lack of proper training and sensitivity to the constitutional rights of black and brown peoples that live in urban inner-city communities such as inhabited by Plaintiffs in Brooklyn and other communities in the City of New York.

42. Furthermore, the aforementioned unlawful search and seizure also resulted from a lack of proper police officer discipline, including but not limited to, termination, demotion, reprimand, suspension, loss of pay, re-training, and/or sensitivity training. These are the types of disciplines that should and could alleviate much of the type of unlawful police conduct as is complained of herein.

43. The City of New York policies, practices and customs in existence at the time of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are further evidenced, *inter alia*, by the following:

44. Upon information and belief, defendant City of New York and its agency, the NYPD, failed to effectively screen, hire, train, supervise and discipline their police officers, including the defendant police officers herein, for racial bias, lack of truthfulness, and for their failure to protect citizens from the unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officers to be in a position to unlawfully search Plaintiffs' home and lie about their possession of a search warrant.

45. On information and disbelief, the defendant police officers herein may have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to defendant City and its agency, the NYPD, that the defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiffs herein.

46. The Plaintiffs' injuries were a direct and proximate result of the defendants' wrongful policies, practices, customs and/ or usages complained of herein and in existence at the time of the incidents complained of herein and of the knowing

and repeated failure of the defendant City of New York and the NYPD to properly supervise, train and discipline their police officers.

47. Defendant City knew or should have known that the acts alleged herein would deprive Plaintiffs of their rights, in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitutions and Article 1 §§ 1, 6, 11, 12 of the Constitution of the State of New York, including, without limitation, freedom from deprivation of liberty without due process of law, the equal protection of the law and enjoyment of life, liberty and property.

48. The defendant City is directly liable and responsible for the acts of its agency the NYPD and of the named and unnamed defendant police officers, because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulations of the NYPD, and to require compliance with the constitutions and laws of the State of New York and the United States.

49. The defendant City is also directly liable and responsible for the acts of the individual police officer defendants for state law claims under the doctrine of respondent superior.

## FOR A FIRST CAUSE OF ACTION

**(Violation of Rights Secured by 42 U.S.C. § 1983 and the
Fourth Amendment to the United States Constitution)**

50. Plaintiffs incorporate by reference all previous allegations as if fully set forth herein.

51. Defendants, acting under color of state law, subjected Plaintiffs to the foregoing unlawful acts, and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving plaintiffs of rights, privileges and immunities secured

by the Constitution and laws, including, but not limited to, those rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution, including, without limitation, deprivation of the following constitutional rights, privileges and immunities:

52. Plaintiffs were denied their constitutional right to be free from unlawful searches and seizures;

53. To the extent that any of these constitutional deprivations require a showing of specific intent and/or motive, the individual defendants acted intentionally, maliciously, with racially discriminatory motives and/or with reckless disregard for the natural and probable consequences of their acts.

54. Defendants' unlawful acts, and omissions, conducted without lawful justification, caused specific mental and emotional harm, economic injury, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

59. Defendants' unlawful acts, and omissions, conducted without lawful justification, caused specific mental and emotional harm, economic injury, pain and suffering in violation of Plaintiff's Constitutional rights to life, liberty and the pursuit of happiness.

## FOR A SECOND CAUSE OF ACTION

**(Violation of Rights Secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution)**

60. Plaintiffs incorporate by reference all previous allegations as if fully set forth herein.

61. Defendants, acting under color of state law, subjected Plaintiffs to the foregoing unlawful acts, and omissions without due process of law and in violation of 42

U.S.C. § 1983, thereby depriving plaintiffs of rights, privileges and immunities secured by the Constitution and laws, including, but not limited to, those rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, including, without limitation, deprivation of the following constitutional rights, privileges and immunities:

62. Plaintiffs were denied their constitutional right to the equal protection of the law and to the unfettered pursuit of life, liberty, property and the pursuit of happiness.

63. To the extent that any of these constitutional deprivations require a showing of specific intent and/or motive, the individual defendants acted intentionally, maliciously, with racially discriminatory motives and/or with reckless disregard for the natural and probable consequences of their acts.

64. Defendants' unlawful acts, and omissions, conducted without lawful justification, caused specific mental and emotional harm, economic injury, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

65. Defendants' unlawful acts, and omissions, conducted without lawful justification, caused specific mental and emotional harm, economic injury, pain and suffering in violation of Plaintiff's Constitutional rights to life, liberty, property and the pursuit of happiness.

### FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1985 Conspiracy to Interfere with Civil Rights)

66. Plaintiffs incorporate by reference all previous allegations as if fully set forth herein.

67. The actions/omissions of Defendants acting under color of state law constituted a conspiracy to go into premises for the purpose of depriving Plaintiffs of the

equal protection of the laws and of the Fourth Amendment to the United States Constitution and/or the equal privileges and immunities under the laws of the United States and the Fourteenth Amendment guarantee of life, liberty, property and the pursuit of happiness.

## FOR A FOURTH CAUSE OF ACTION

**(Violation of Rights Under State Law
Article 1 § 12 of the New York State Constitution)**

68. Plaintiffs incorporate by reference all previous allegations as if fully set forth herein.

69. Defendants, acting under color of state law, subjected Plaintiff to the foregoing unlawful acts, and omissions without due process of law and in violation of Article I § 12 of the New York State Constitution, thereby depriving Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the State of New York including, but not limited to, those rights, privileges and immunities secured by the Article 1 § 12 to the New York State Constitution, including, without limitation, deprivation of the following constitutional rights, privileges and immunities:

70. Plaintiffs were denied their state constitutional right to be free from unlawful searches and seizures;

71. To the extent that any of these constitutional deprivations require a showing of specific intent and/or motive, the individual defendants acted intentionally, maliciously and with reckless disregard for the natural and probable consequences of their acts.

72. Defendants' unlawful acts, and omissions, conducted without lawful justification, caused specific mental and emotional harm, economic injury, pain and

suffering in violation of Plaintiff's Constitutional rights as guaranteed under Article 1 Section 12 to the New York State Constitution.

## FOR A FIFTH CAUSE OF ACTION
### (Violation of Rights Under State Law)

73. Plaintiffs incorporate by reference all previous allegations as if fully set forth herein.

74. By the actions described above, each and all of the defendants, jointly and severally, have committed the following wrongful acts against Plaintiffs, which are tortious under the laws of the State of New York:

    a. intentional infliction of emotional distress upon the plaintiff in that the defendants intended to and did cause the plaintiff severe emotional distress through a continuous course of misconduct culminating in the plaintiff's seeking medical treatment for seizure and depression.

    b. defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society;

    c. violation of other rights otherwise guaranteed to the plaintiff under the laws and/Constitution of the State of New York.

75. The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated their statutory and common law rights as guaranteed to them by the laws and Constitution of the State of New York.

## FOR A SIXTH CAUSE OF ACTION
### (Respondeat Superior Against the City of New York)

76. Plaintiffs incorporate by reference all previous allegations as if fully set forth herein.

77. The individually named police defendants, (other John/Jane Doe(s) police officers) and other individuals who joined with them in their wrongful conduct, were, at all times relevant to this Count, employees and agents of the City of New York. Each of those defendants and persons was acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore, directly chargeable to the City of New York under the state law doctrine of *respondeat superior*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief jointly and severally against all of the defendants, except that the punitive damages demand, is not, as a matter of law, recoverable against a municipality and therefore are not made against the City of New York:

1. Compensatory and punitive damages awards, each in separate amounts of $1,000,000.00 or such greater amounts as may be set by a jury for Plaintiffs.
2. Enjoin Defendants and all others acting in concert with them from searching Plaintiffs' residence without first obtaining a valid search warrant.
3. Issue a court order pursuant to 42 U.S.C. § 1988, that Plaintiffs are entitled to the cost involved in maintaining this action and attorney's fees;
4. Such other and further relief as this court may deem just and proper.

-17-

## **DEMAND FOR A JURY TRIAL**

      A jury trial is hereby demanded on each and every count of the causes of action as pled herein.

Brooklyn, New York  
March 9, 2022                                          *\s\ Gregory Smith*

                                                                                      Gregory G. Smith (GS-9900)  
                                                                                       Attorney for Plaintiff  
                                                                                       77 Sands Street, 7th Floor  
                                                                                       Brooklyn, New York 11201  
                                                                                       *Counsel for Plaintiffs*